People v Moore (2020 NY Slip Op 03974)





People v Moore


2020 NY Slip Op 03974


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


11787 3058N/14 1162/15

[*1] The People of the State of New York, Respondent,
v
James Moore, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered March 1, 2017, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of seven years, unanimously affirmed.
"[L]aw enforcement witnesses should be treated in the same manner as any other witness for purposes of cross-examination" (People v Smith, 27 NY3d 652, 661-662 [2016]). Thus, a police officer "may be cross-examined on prior specific criminal, vicious or immoral conduct,' provided that the nature of such conduct or the circumstances in which it occurred bear logically and reasonably on the issue of credibility'" (id. at 660, quoting People v Sandoval, 34 NY2d 371, 376 [1974]; see also People v Rouse, 34 NY3d 269, 275-280 [2019]). In Rouse, the Court of Appeals noted that in its Smith decision, it had
"established an uncomplicated rule for determining whether a defendant should be permitted to ask a law enforcement officer about allegations that the officer had committed prior bad acts (Smith at 662). That is, provided that they have a good faith basis for the inquiry, . . . defendants should be permitted to explore specific allegations of wrongdoing relevant to the credibility of the law enforcement witness, subject to the discretion of the trial court (see id.). . . The same standard for good faith basis and specific allegations relevant to credibility applies—as does the same broad latitude to preclude or limit cross-examination (id. at 661-662)'" (People v Rouse, 34 NY3d at 276).
Applying these principles to the case at hand, the court providently exercised its discretion in limiting cross-examination of some of the police witnesses regarding civil lawsuits in which they were named as defendants, and prior adverse judicial rulings on their credibility (see People v Rouse, 34 NY3d at 275-280 [2019]; People v Smith, 27 NY3d at 660 [2016]). With regard to lawsuits, the court precluded questions that were in improper form, or that lacked specificity as to particular officers' acts of misconduct, whether committed personally or by aiding other officers. While the court made clear that it would consider a revised proposal, defendant never attempted to modify the form or the specific allegations in the questions. With regard to adverse judicial credibility findings, the court correctly found that defendant's proposed questions were in improper form, and defendant never attempted to cure the defect. As an alternative holding, we find that even if the court acted improvidently, any error was harmless (see People v Smalls, 162 AD3d 555, 556 [1st Dept 2018]). We also find that defendant waived his objections to the court's rulings on this issue, and it is otherwise unpreserved.
When a defense fact witness testified that defendant was not known to him as someone from whom he could buy drugs, this did not constitute character evidence, because the witness was relaying his personal knowledge of whether defendant sold drugs, and not about defendant's [*2]reputation. Accordingly, the People should not have been permitted to impeach that testimony by asking the witness if he was aware of prior drug sales by defendant. However, we find the error to be harmless (see People v Crimmins, 36 NY2d 230 [1975]), particularly in light of the court's thorough limiting instructions.
Regardless of whether the court should have instructed the jury not to consider certain evidence pertaining to a dismissed possession charge, we find no reasonable possibility that defendant was prejudiced.
The challenged portions of the prosecutor's summation generally constituted permissible, evidence-based comment on credibility issues, made in response to defendant's summation, and we do not find anything in the summation that deprived defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK